Filed 8/25/15  P. v. James CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>QUAN JAMES III,<br><br>    Defendant and Appellant. | B262289<br><br>(Los Angeles County<br>Super. Ct. No. TA132082) |

THE COURT:*

Appellant Quan James III was charged with possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)); possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)); convicted person having a concealed firearm on his person (Pen. Code, § 25400, subd. (a)(2)); possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); and possession of smoking device (Health & Saf. Code, § 11364.1, subd. (a)(1)).  It was further alleged that appellant had suffered a prior conviction in 1978 that qualified as a strike within the meaning of Penal Code sections 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d).

A preliminary hearing was held on April 14, 2014.  During that hearing, the trial court denied a motion to suppress (Pen. Code, § 1538.5).

---

\*    BOREN, P. J., ASHMANN-GERST, J., HOFFSTADT, J.

On June 3, 2014, the trial court granted appellant's *Pitchess*[1] motion. After conducting an in camera review, the trial court found no discoverable information.

Two weeks later, on June 18, 2014, appellant waived his right to counsel and the trial court relieved the Public Defender's Office.

On September 9, 2014, appellant filed his own motion to suppress. Shortly thereafter, the trial court took notice that a motion to suppress had been previously heard and denied.

On November 10, 2014, appellant waived his constitutional rights and pled guilty to count 2 (possession of a firearm by a felon). Included in his waivers is a waiver of his right to appeal. On December 23, 2014, appellant filed a motion to withdraw his plea, arguing that count 2 became a misdemeanor under Proposition 47 and that he was entitled to have his motion to suppress reconsidered. The trial court denied his motion to withdraw the plea, finding that appellant was not eligible for a sentence reduction under Proposition 47 nor entitled to have his motion to suppress reconsidered.

The trial court sentenced appellant to the agreed-upon sentence of three years. It awarded him 359 actual days plus 359 good time/work time days, for a total presentence credit of 718 days.[2] It then dismissed the remaining counts.

Appellant timely filed a notice of appeal and a request for certificate of probable cause, which was never ruled upon.

Counsel was appointed to represent appellant in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On June 9, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues for us to consider.

On July 7, 2015, we received a handwritten letter from appellant, asking us to consider the issue "on the withdraw of [his] [p]lea on [t]wo [i]ssues." But he has offered

---

[1]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[2]     On May 28, 2015, in response to a letter filed by appellate counsel, the trial court corrected the award of presentence credit to 720 days (360 days plus 360 good time/work time days).

2

us no legal authority to support his contention that the trial court erred in denying his motion to withdraw his plea.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

We have examined the entire record and are satisfied that appellant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).)  We see no indication of any error.

Appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment and sentence entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.